STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

08-636


MARK MEARS, ET AL.

VERSUS

MARK A. STANLEY, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-960
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

************

ON REHEARING

***********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and Shannon J.
Gremillion, Judges.


REVERSED.

James L. Maughan
The Maughan Law Firm, L.L.C.
634 Connell's Park Lane
Baton Rouge, LA 70806
(225) 926-8553
Counsel for Plaintiff/Appellant:
        Mark Mears, Individually

**Andrew Robinson Johnson, IV**
**Plauche, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70629**
**(337) 436-0522**
**Counsel for Defendants/Appellees:**
    **State Farm Mutual Auto. Ins. Co.**
    **Louisiana Escort and Permit Service**

**Allen J. Mitchell, II**
**Mitchell & Blanco**
**One Lakeshore Dr., Suite 1495**
**Lake Charles, LA 70629**
**(337) 436-8686**
**Counsel for Defendants/Appellees:**
    **State Farm Mutual Auto Ins. Co.**
    **Mark A. Stanley**

**GREMILLION, Judge.**

We granted the rehearing application of the Defendants, State Farm Mutual Automobile Insurance Company and Louisiana Escort and Permit Service (collectively, "State Farm"), for the purpose of allowing additional argument. In our original opinion, we found that the trial court's grant of summary judgment must be reversed. After consideration of the additional argument, we find no error in that result. *Mears v. Stanley,* 08-636 (La.App. 3 Cir. 12/10/08), __ So.2d __ .

Mark Mears was a passenger in a company vehicle (the first vehicle) insured by State Farm and being driven by a friend (Stanley), who was an employee of a vehicle escort company. Although Stanley clearly started out his work activity in the company vehicle, he was allegedly forced to use a truck owned by his father (the second vehicle) due to a gas shortage following Hurricane Rita. Mears was injured in the second vehicle when an accident occurred en route from the home of Stanley's father in DeQuincy, Louisiana, to Mears' home in Lake Charles, Louisiana, following the storm. For a full discussion of the facts, refer to our previous opinion.

We find that summary judgment was improperly granted in favor of State Farm. Genuine issues of material fact exist whether Stanley was in the course and scope of his employment at the time of the accident while he was driving the second vehicle and whether the second vehicle qualified as a "temporary substitute" under the terms of the State Farm policy. Accordingly, summary judgment in favor of State Farm was inappropriate.

**REVERSED.**